This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WESTERN AGRICULTURE, RESOURCE AND BUSINESS ADVOCATES, LLP,**

Plaintiff-Appellant,

v.                                                      **No. A-1-CA-36840**

**HECTOR BALDERAS, IN HIS OFFICIAL CAPACITY AS NEW MEXICO ATTORNEY GENERAL, and BRITTNEY MARTINEZ, CUSTODIAN OF RECORDS FOR NEW MEXICO ATTORNEY GENERAL,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Albuquerque, NM

for Appellant

Office of the New Mexico Attorney General
Ari Biernoff, Assistant Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Plaintiff Western Agriculture, Resource and Business Advocates, LLP, appeals an adverse summary judgment. Our notice of proposed summary disposition addressed each of the issues raised in Plaintiff's docketing statement, ultimately proposing to affirm. [CN 8] Defendants New Mexico Attorney General Hector Balderas and Custodian of Records Brittney Martinez have filed a memorandum in support of that proposed summary disposition [MIS 1], and Plaintiff has filed a memorandum in opposition [MIO 1]. Having duly considered those filings, we now affirm.

**{2}** Our calendar notice noted that Plaintiff's response to the motion for summary judgment in the district court failed to establish any dispute as to any material facts below, and Plaintiff's memorandum in opposition does not dispute that reading of the record below. [CN 3-5] Thus, our analysis in this appeal is limited to the question of whether Defendants were entitled to judgment as a matter of law on the basis of the undisputed facts. [CN 3]

**{3}** Having established that analytical framework, we proceeded to address the appellate issues raised by Plaintiff. [CN 5-8] Thus, we proposed to conclude that the common interest doctrine, upon which the district court relied, does not require any

particular agreement or contract, and that its application is not limited to the parties in ongoing litigation. [CN 5-6] Then, relying upon *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329, we also proposed to hold that there is no temporal limitation on that doctrine. [CN 6-7] And, finally, we proposed that under the undisputed facts established below, there was no basis upon which the Defendants' custodian or the district court could have distinguished between the various communications at issue in this case for purposes of the Inspection of Public Records Act (IPRA), NMSA, 1978, §§ 14-2-1 to -12 (1971, as amended through 2013).

{4}     Plaintiff's memorandum in opposition to that proposed summary disposition, however, does not address any of those issues. Instead, Plaintiff argues, generally, about the importance of the IPRA. As Plaintiff's memorandum makes no attempt to respond to the actual bases of our proposed disposition of the issues raised in the docketing statement, those issues are "deemed abandoned." *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306. Ultimately, because Plaintiff is opposing a notice of proposed summary disposition, it has the burden to "come forward and specifically point out errors of law and fact." *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Having

3

chosen not to even address the law and facts discussed in our notice of proposed summary disposition, Plaintiff has failed to meet its burden on appeal and the summary judgment entered below is affirmed.

{5}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**STEPHEN G. FRENCH, Judge**